IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-02355-CMA-MJW

HUNTER DOUGLAS INC.,
HUNTER DOUGLAS WINDOW FASHIONS, INC., and
HUNTER DOUGLAS INDUSTRIES SWITZERLAND GmbH,

    Plaintiffs,

v.

HAGGAR INDUSTRIES, INC., d/b/a STARDECORATING.COM, and
STARBLINDS.COM,

    Defendants.

## ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT HAGGAR INDUSTRIES, INC.

This matter comes before the Court on Plaintiff's Motion for Default Judgment and Permanent Injunction (Doc. # 12) against Defendant Haggar Industries, Inc. d/b/a StarDecorating.com and StarBlinds.com (collectively "StarDecorating"). On December 16, 2010, an Entry of Default was entered by the Clerk of the Court. (Doc. #11.) Plaintiff seeks a permanent injunction prohibiting StarDecorating from using the HUNTER DOUGLAS trademark in connection with the advertising, distribution, sale, or offering for sale of any window treatment products. Plaintiff also seeks recovery of its attorney fees in bringing this action.

Having reviewed the record in this case the Court makes the following findings and enters this permanent injunction against StarDecorating.

## I. **FINDINGS**

1.     This Court has jurisdiction over the subject matter of this case and over StarDecorating.

2.     Venue as to StarDecorating in the District of Colorado is proper.

3.     The Verified Complaint ("Complaint") states a claim upon which relief may be granted against StarDecorating pursuant to 15 U.S.C. §§ 1114(1) and 1125(a) and the common law of the state of Colorado.

4.     Plaintiff filed a proof of service showing StarDecorating was served a copy of the Second Amended Complaint and all schedules thereto on September27, 2010.

5.     StarDecorating failed to file an Answer to the Complaint, plead, or otherwise appear in this action.

6.     On December 10, 2010, Plaintiff filed a Motion for Entry of Default.

7.     StarDecorating has not opposed Plaintiff's Motion for Entry of Default.

8.     On December 16, 2010, the Clerk of the Court entered default against StarDecorating.

9.      StarDecorating has not moved to set aside the default

10.    Because StarDecorating has failed to appear there is no indication the default was due to excusable neglect.

11.    There is nothing of record that shows StarDecorating is an infant or incompetent**.**

12.    On December 17, 2010, Plaintiff filed the at-issue Motion for Default Judgment And Permanent Injunction Against StarDecorating.  (Doc. # 12.)

13.   Among other things, the Complaint alleges StarDecorating made use of the HUNTER DOUGLAS trademarks on the StarDecorating Websites and held itself out as being affiliated with Hunter Douglas.

14.   By means of the Complaint Plaintiff requests the Court to permanently enjoin StarDecorating, its agents, servants, employees, representatives, and all other persons in active concert or participation with it from further infringing any of its federally registered trademarks, as well as to award attorneys' fees and costs in this action, pursuant to 15 U.S.C. § 1117(a), which allows an award of attorney's fees and costs for violation of sections 1125(a), (c), or (d).

15.   The Court has reviewed the Complaint, including schedules thereto, and finds all material facts concerning StarDecorating appear to be adequately pleaded and that it sufficiently states a cause of action against StarDecorating.

Based on the foregoing findings and for good cause shown, the Court ORDERS

A.   That StarDecorating and its agents, servants, employees, representatives, and all other persons in active concert or participation with it be enjoined from further infringing any of its federally registered trademarks;

B.   That pursuant to 15 U.S.C. § 1117(a), StarDecorating shall pay Plaintiff Ten Thousand Six Hundred Seventy Five & 36/1000 Dollars ($10,675.35) as attorney fees allocable to StarDecorating in this action.

C.   15 U.S.C. § 1117(a), StarDecorating shall pay Plaintiff Four Hundred Sixteen & 80/1000 Dollars ($416.80) as costs allocable to StarDecorating in this action.

D. That this Court retain jurisdiction over construction, modification, and enforcement of as well as any matter pertaining to this judgment.

DATED: February  14 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge